IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NANCY L. HAASE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV218 |
| | ) | |
| v. | ) | |
| | ) | |
| MIDWEST MAINTENANCE CO., | ) | **MEMORANDUM** |
| and TOM REYES, V.P., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. Plaintiff filed this matter on June 7, 2010. (Filing No. 1.) Because Plaintiff paid the $350.00 filing fee, the Clerk of the court provided Plaintiff with two blank summons forms in order for her to complete service of process on Defendants. (Filing No. 2.) Federal Rule of Civil Procedure 4 requires that service of process be completed "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). Thus, Plaintiff was required to complete service of process on Defendants no later than October 5, 2010. Plaintiff has never returned the completed summons forms and has not completed service of process on Defendants. (*See* Docket Sheet.)[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until December 22, 2010, to show cause why this case should not be dismissed. If Plaintiff does not respond, or if good cause is not shown, this action will be dismissed without prejudice and without further notice.

2. The Clerk of the court is directed to set a pro se case management

---

[1] Plaintiff has a nearly-identical case pending in this court in which service of process did occur. (*See* Case No. 8:10CV249.)

deadline with the following text: December 22, 2010: deadline for Plaintiff to show cause why service of process was not completed.

DATED this 23rd day of November, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.